UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JAKOB MILLER and KRISTINA DUSKIN**, Husband and Wife and Individually and on behalf of their minor child, <br><br> **Plaintiffs,** <br><br> vs. <br><br> **BOEING GLOBAL SERVICES**, a Delaware corporation. <br><br> **Defendants** | Complaint for a Civil Case <br><br> Case No.: _____ |

NOW COMES JAKOB MILLER and KRISTINA DUSKIN, Individually and as parents of their minor child (hereinafter "Plaintiffs"), and hereby allege against Defendants, jointly and severally, as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs are domiciled in the State of Maryland and reside near the United States of America Air Force USAF Joint Base Andrews, and bring this action in their own individual capacity, as husband and wife, and on behalf of their minor child.

2. Upon information and belief, and all material times complained of herein, Defendant BOEING GLOBAL SERVICES, INC. (hereinafter referred to as "Defendant Boeing Global") is a business entity duly incorporated in the State of Delaware. Its principal place of business is Legacy West, 5905 Legacy Drive #325, Plano, TX 75024. Therefore, Boeing Global is not incorporated in Maryland, has no principal place of business in Maryland and has no registered agent in Maryland but is operating and conducting business in the State of Maryland as set forth below, specifically at Joint Base Andrews.

1

3.     Jurisdiction is appropriate in this court as Plaintiffs and Defendant are diverse and venue in this district is proper as Defendant was doing business in this district in supplying goods and services by contract on a regular basis to the United States of America, specifically to the United States Air Force at Joint Base Andrews.

## FACTUAL ALLEGATIONS

4.     Plaintiff Jakob Miller (hereinafter "Jakob") is a crew chief whose work includes inspections and servicing aircraft including the aircraft designated as Air Force One.   He is stationed at Joint Base Andrews in the state of Maryland.

5.     As part of Jakob's job, he worked on and about the aircraft designated as Air Force One, also described as VC.25A, when such aircraft are carrying or operating for or on behalf of the President of the United States on June 30, 2021.

6.     The Air Force One aircraft are versions of the Boeing 747 aircraft which 747 aircraft was designed, manufactured, assembled and sold by Boeing aircraft.

7.     As part of the maintenance and upkeep of the Air Force One aircraft, contractors including Defendant Boeing Global Services, provide certain services, maintenance, inspections, repairs, tools, components, equipment, parts and/or cleaning and supplies, to the Air Force One plane at Joint Base Andrews in Maryland and to equipment used to service and maintain the Air Force One aircraft.

8.     The maintenance, inspections, components, equipment, parts, supplies, cleaning and/or service at issue in this case concerns the oxygen cart and lines used to service the oxygen system on Air Force One aircraft, and the Defendant's Contract covering their service and equipment on the oxygen cart and accompanying service and equipment is, on information and belief, number FA8106-16-C-0001.

2

9. Defendant Boeing maintained, repaired, cleaned, inspected, and/or serviced this oxygen cart, and supplied the tooling, chemicals and personnel to so, and supplied the instructions manuals, training manuals, guidance and oversight for the oxygen cart contract.

10. In particular, it was important for Being to properly maintain, inspect, clean, inspect, and service this oxygen cart and provide sufficient instruction and training manuals and warnings to its employees, agents and contractors in maintaining, inspecting, servicing, cleaning and/or and repairing this oxygen cart, because malfunctions of the oxygen cart and oxygen systems on which it is used, can cause explosions and fires which can seriously injure persons in or around Air Force One aircraft. These manuals, processes and procedures were the products of Defendant.

11. Defendant's employees, agents, subcontractors, mechanics or technicians were responsible to maintain, inspect, repair, service, clean, and perform other maintenance service, but they failed to inspect and maintain the carts and they used contaminated, dirty, improperly cleaned, and inadequately serviced and maintained tools and supplies, which were not "oxygen-clean" tools, equipment, supplies, processes and procedures, and they failed to remove residue and/or used chemicals, agents and substances that react when coming into contact with oxygen.

12. The Defendant's employees, agents, subcontractors, mechanics or technicians were not properly or sufficiently trained, and did not have adequate oversight, used chemicals, solutions, fluids and substances that could not be and should not be used on oxygen systems and "oxygen-clean" parts, components, equipment and tools, and Defendant failed to inspect the contaminated the cart and parts, leaving them in a dangerous and contaminated condition when Jakob used the equipment on Air Force One.

13. To avoid the chances of fire or explosions, "oxygen-clean" tools and components must be used on Air Force One aircraft, oxygen systems and oxygen servicing tools and equipment, and these tools and equipment must be cleaned in a specific way to remove residue that can react when coming into contact with oxygen, and certain chemicals and substances must not be used in, on or around these tools and equipment. Defendant failed to maintain "oxygen clean" carts and equipment and used chemicals, substances and tools that were not "oxygen clean", resulting in the explosion and fire that injured Jakob. To further avoid the chances of fire or explosions, Defendant was to inspect the oxygen cart and equipment used therewith, including the oxygen tanks and lines to insure there were no cracks, corrosion, contamination or leaks and to eliminate impurities, contaminants and other dangers from the system.

14. Defendant was aware, and should have been aware, of these risks and dangers in part because in the past Defendant has caused other explosions and fires on Air Force One aircraft, including but not limited to a fire on Air Force One in 2016 that caused millions of dollars of damage to Air Force One due to contaminated tools and equipment, failure to inspect, failure to maintain "oxygen clean", failure to adequately trained and supervised its employees, agents and subcontractors and failure to provide adequate training and maintenance manuals on the inspections and maintenance of the oxygen carts and equipment and maintaining "oxygen clean" with the proper techniques, tools and chemical solutions.

15. In this case Jakob was using the cart for its usual and expected purpose to maintain Air Force One and its oxygen system when the tank on the cart and then the lines exploded, caught fire, and severely burned Jakob. Jakob did nothing to cause or contribute to this accident and was using the oxygen cart and tank and lines in an appropriate manner and for their intended purposes.

16.     Plaintiff and fellow service members were able to extinguish the fire which engulfed Jakob, but not before Jakob was burned over a large percentage of his back and arms. Jakob spent a considerable length of time in the burn unit and survived, but Jakob's permanent injuries and scarring persist to this day and will be permanent.

## COUNT I
## STRICT PRODUCTS LIABILITY
## Defective Product by Manufactured, Design and/or Inadequate or Absent Warnings

17.     All other paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

18.     Boeing Global Services was the maintenance contractor for the oxygen cart at issue herein and designed, wrote, calculated, developed, disseminated, trained, and oversaw the processes, procedures, manuals, instructions and/or guidance on the inspection, servicing cleaning and maintenance of the oxygen cart and accompanying parts for use on Air Force One, and therefore was the producer and processor of the product and/or its component parts, and/or otherwise exported the product or otherwise held itself out as the manufacturer.

19.     The product is Defendant's manuals, instructions and procedures, developed by Defendant, and these are tangible articles, including component manuals and accompanying labels, warnings, and instructions.

20.     Boeing was also a seller of the product, including as a wholesaler, distributor, retailer or other entity regularly engaged in the selling of a product whether the sale is for resale or sale to and consumption including use by the ultimate consumer.

21.     The defective condition in the oxygen cart which was not inspected, serviced and maintained "oxygen clean" is a condition not contemplated by the ultimate consumer, Jakob herein.

22. The defective condition was unreasonably dangerous to Jakob as measured at the time it left the Defendant's hands.

23. The oxygen cart was an unreasonably dangerous product in that it was not properly inspected and maintained as "oxygen clean" and was dangerous to an extent beyond that which would be contemplated by the ordinary consumer with the ordinary knowledge common to the community as to its characteristics:

   a. Boeing left the product in a defective condition unreasonably dangerous to Jakob as the user or ultimate consumer, and Boeing is subject to liability for physical injury and harm thereby caused to Jakob as the ultimate user or consumer, and

   b. Because Boeing is engaged in the business of selling such a product, and

   c. The product was expected to and did reach the user or consumer without substantial change in the condition in which it is sold.

24. Defendant's product also had indeterminate defects, and Maryland law permits the inference of a defect where circumstantial evidence tends to eliminate other causes.

## COUNT II
## NEGLIGENCE AND EGREGIOUS NEGLIGENCE

25. All other paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

26. Defendant Boeing was obligated to use reasonable care in the design and manufacture of its processes and procedures, and in its provision of guidance, instruction, warnings, and oversight over its employees, agents, subcontractors and assigns, and in its inspection, maintenance, upkeep, and repair of the oxygen cart and parts, including its oversight, manuals and instructions, for which Defendant failed to use reasonable care.

27	Defendant failed in its inspections, cleaning, maintenance, and "oxygen clean" protocols, and therefore failed to eliminate unreasonable risks of foreseeable injury to users including Jakob.

28.	Jakob's injuries were the foreseeable result of Defendant's failure to exercise ordinary care in the development of its processes, procedures, training and oversight and in its inspections, warnings, instructions, maintenance, upkeep, cleaning and repair of the oxygen cart.

29.	Defendant intended and knew that the oxygen cart would be used on the tarmac, in outdoor conditions, to service aircraft in the heat of summer, the cold of winter, in rain, snow or dry weather with insects present, with dirt and with debris commonly in the airport environment, yet failed to take all reasonable precautions and measures, even though it knew the oxygen cart and parts would be used on Air Force One oxygen systems and it must be kept "oxygen clean" and free form corrosion and defects, but it was not.

30.	Defendant's negligence and lack of ordinary care caused Jakob's damages.

31.	As a direct and proximate result of Defendants' breaches of duty and negligence as set forth herein, and as the evidence will further show, Plaintiffs and each of them, have suffered injuries and losses, suffered loss of spousal consortium, and they and their children have suffered loss of familial consortium, care, companionship, support, guidance, and other such losses from the date of the accident to the present and continuing into the future and for the rest of their lives.

## **DAMAGES**

32.	All other paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

33.	Jakob was burned and permanently scarred by the burns, suffers post-traumatic stress, has lost work, work time, promotions and career progress, suffers anxiety, stress, and other stresses, and had and

continues to have medical treatments, therapies including physical therapy and counseling, and other continuing care and treatments.

34. Jakob and his wife have suffered loss of spousal consortium and Jakob and his family have suffered loss of family consortium, and their family activities, support, assistance, guidance, care, comfort and other such daily activities have been effected and harmed, along with other losses and damages.

## **CLAIM FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request judgment against Defendant, for economic and non-economic, compensatory, incidental and consequential damages in an amount far exceeding Seventy-Five Thousand Dollars ($75,000.00), and all damages recoverable by law:

(a) Expenses for care, treatment, therapy, hospitalizations, medications, transportation to medical care and treatments, and all other such expenses incident to the injury;

(b) Compensation for pain, suffering fear and terror;

(c) Disfigurement;

(d) Limitations on physical activities;

(e) Mental anguish;

(f) Physical impairment;

(g) Medical expenses in the future;

(h) Loss of earnings in the past present and future and loss of earning capacity;

(i) Loss of consortium, both spousal and familial;

(j) Care, comfort, guidance, assistance, and support;

(k) Loss of household and other services;

(l) Costs, expenses and attorney fees as allowed by law;

(m) Exemplary and punitive damages according to proof; and as allowed by the jury; and

(n) All other damages, claims and remedies as allowed by law and according to proof herein.

**JURY TRIAL DEMANDED**

Dated January 23, 2024   Respectfully submitted

 */s/ John E. Herrick*
John E. Herrick, MD Bar No. 11430
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: 843-216-9000
Facsimile: 843-216-9450
mschiavo@motleyrice.com
jbrauchle@motleyrice.com

*Attorneys for Plaintiff*